**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| WHITE ROSEBAY SHIPPING S.A. | * CIVIL ACTION |
| | * |
| VERSUS | * NO. 2:12-cv-183 |
| | * |
| HNA GROUP CO. LTD., HONG KONG | * |
| CHAIN GLORY SHIPPING LTD., | * |
| GRAND CHINA SHIPPING | * |
| DEVELOPMENT CO. a/k/a SHANGHAI | * |
| GRAND CHINA SHIPPING | * |
| DEVELOPMENT CO., OFFSHORE | * |
| HEAVY TRANSPORT AS, AND OHT | * |
| OSPREY AS | * |
| | * |

## DEFENDANT HNA GROUP CO. LTD.'S ANSWER PLAINTIFF'S PETITION FOR CONFIRMATION AWARD OF ARBITRATION

Defendant HNA Group Co. Ltd. ("HNA"), through undersigned counsel, answers and responds to White Rosebay Shipping S.A.'s ("White Rosebay") Petition to Confirm Award of Arbitration as follows:

### FIRST DEFENSE

The Petition to Confirm Award of Arbitration ("Petition") should be dismissed pursuant to Rule 12(b)(3) for improper venue.

### SECOND DEFENSE

The Petition should be dismissed pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure for insufficient process.

### THIRD DEFENSE

The Petition should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.

1

1902577-1

## FOURTH DEFENSE

The Petition should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

## SIXTH DEFENSE

HNA answers the specific allegations of the Petition as follows:

1.      The allegations contained in Paragraph 1 of the Petition state legal conclusions for which no response is required.  To the extent a response is deemed necessary, HNA denies the allegations.

2.      HNA denies the allegations contained in Paragraph 2 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

3.      Admitted.

4.      HNA denies the allegations contained in Paragraph 4 of the Petition except to admit that Shanghai Grand China Shipping Development Co. Ltd. is a foreign company organized under the laws of the People's Republic of China.

5.      HNA denies the allegations contained in Paragraph 5 of the Petition except to admit that non-party Grand China Logistics Holding (Group) Co. Ltd. is a foreign company organized under the laws of the People's Republic of China.

6.      HNA denies the allegations contained in Paragraph 6 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

7.      HNA admits that OHT OSPREY AS is the owner of the M/V OSPREY.  HNA denies the remainder of the allegations contained in Paragraph 7 of the Petition.

2

8.      The allegations contained at Paragraph 8 of the Petition state a legal conclusion for which no response is required.  To the extent a response is deemed necessary, HNA denies the allegations.

9.      The allegations contained at Paragraph 9 of the Petition state legal conclusions for which no response is required.  To the extent a response is deemed necessary, HNA denies the allegations.

10.     The allegations contained at Paragraph 10 of the Petition state legal conclusions for which no response is required.  To the extent a response is deemed necessary, GCD denies the allegations.

11.     Admitted.

12.     Denied.

13.     The allegations contained in Paragraph 13 of the Petition are denied except to admit that this Petition relates to an interim final arbitration award only for White Rosebay's claims against Chain Glory for unpaid hire up to the point of alleged repudiation.

14.     HNA denies the allegations contained in Paragraph 14 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

15.     HNA denies the allegations contained in Paragraph 15 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

16.     HNA denies the allegations contained in Paragraph 16 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     HNA denies the allegations contained in Paragraph 17 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     Admitted.

19.     HNA denies the allegations contained in Paragraph 19 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

20.     HNA denies the allegations contained in Paragraph 20 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

21.     HNA denies the allegations contained in Paragraph 21 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

22.     HNA denies the allegations contained in Paragraph 22 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

23.     HNA denies the allegations contained in Paragraph 23 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

24.     HNA denies the allegations contained in Paragraph 24 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

25.     HNA denies the allegations contained in Paragraph 25 of the Petition for lack of sufficient knowledge or information sufficient to form a belief as to the truth of the allegations.

26.     HNA denies the allegations contained in Paragraph 26 of the Petition for lack of sufficient knowledge or information sufficient to form a belief as to the truth of the allegations.

27.     HNA denies the allegations contained in Paragraph 27 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

28.     HNA denies the allegations contained in Paragraph 28 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

29.     HNA denies the allegations contained in Paragraph 29 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

30.     HNA denies the allegations contained in Paragraph 30 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

31.     HNA denies the allegations contained in Paragraph 31 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

32.     HNA denies the allegations contained in Paragraph 32 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

33.     HNA denies the allegations contained in Paragraph 33 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     HNA denies the allegations contained in Paragraph 38 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations and denies the allegations as written.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     HNA denies as written the allegations contained at Paragraph 43 of the Petition.

44.     HNA denies the allegations contained in Paragraph 44 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, except to

5

admit that GCD is described in the PowerPoint attached to White Rosebay's petition as a well-funded entity raised by GCL with China coastal shipping competence.

45.     HNA denies the allegations contained in Paragraph 45 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

46.     HNA denies the allegations contained in Paragraph 46 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

47.     HNA denies the allegations contained in Paragraph 47 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     HNA denies the allegations contained in Paragraph 58 of the Petition for lack of knowledge or information sufficient to form a belief in the truth of the allegations.

59.     HNA denies the allegations contained in Paragraph 59 of the Petition for lack of knowledge or information sufficient to form a belief in the truth of the allegations.

6

60.    HNA denies the allegations contained in Paragraph 60 of the Petition for lack of knowledge or information sufficient to form a belief in the truth of the allegations.

61.    HNA denies the allegations contained in Paragraph 61 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

62.    HNA denies the allegations contained in Paragraph 62 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

63.    HNA denies the allegations contained in Paragraph 63 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

64.    HNA denies the allegations contained in Paragraph 64 of the Petition for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    HNA denies the allegations contained in Paragraph 72 of the Petition except to admit that non-party Grand China Logistics acquired 60% of the shares in defendant Offshore Heavy Transport AS.

73.    HNA denies the allegations contained in Paragraph 73 of the Petition except to admit as follows in HNA's answer to Paragraph 74 of the Petition.

7

74.     GCD denies the allegations contained in Paragraph 74 of the Petition except to admit that that Mr. Hong Xiang, a member of Grand China Logistics' board of directors, became the chairman of Offshore Heavy Transport's board after Grand China Logistics acquired 60% of Offshore Heavy Transport's shares.

75.     Denied.

76.     HNA denies the allegations contained in Paragraph 76 of the Petition, except to admit that the OSPREY is the asset of OHT Osprey AS.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     HNA denies the allegations contained in Paragraph 83 of the Petition except to admit that non-party Grand China Logistics, Chain Glory and GCD are subsidiaries of HNA.

84.     HNA denies the allegations contained in Paragraph 84 of the Petition.

85.     White Rosebay's prayer for relief is denied.

## SEVENTH DEFENSE

White Rosebay failed to mitigate its damages.

## EIGHTH DEFENSE

White Rosebay's claim is time barred.

## NINTH DEFENSE

This District is an inconvenient form for trial of this action and should, therefore, be dismissed.

## TENTH DEFENSE

White Rosebay repudiated the FORTUNE PLUM charter party referenced in the Petition.

## ELEVENTH DEFENSE

White Rosebay waived rights under the FORTUNE PLUM charter party referenced in the Petition.

## NINTH DEFENSE

White Rosebay failed to perform conditions precedent to the charter party agreement referenced in the Petition.

## TENTH DEFENSE

HNA is not in privity of contract with White Rosebay, and thus, is not bound by the terms and conditions of the charter party agreement referenced in the Petition.  Likewise, HNA is not a named defendant in the partial final arbitration award referenced in the Petition and therefore White Rosebay cannot confirm said award against HNA.

WHEREFORE, defendant HNA Group Co. Ltd. demands judgment dismissing the Plaintiff's Original Verified Complaint herein, together with reasonable attorney's fees, costs, and disbursements of this action, and for such other and further relief to which it may show itself justly entitled.

9

1902577-1

Respectfully submitted,


CHAFFE McCALL, LLP

_____/s/ Derek A. Walker_____
Derek A. Walker,
Attorney-in-Charge
Texas State Bar No. 007866376
Federal I.D. No. 66739
Joseph B. Marino, III
Texas State Bar No. 24060221
Federal I.D. No. 894840
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
**ATTORNEYS FOR Defendant HNA Group Co.
Ltd.**


**OF COUNSEL:**
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
CHAFFE McCALL, LLP
801 Travis Street
Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:  (713) 546-9806

10

1902577-1

## <u>Certificate of Service</u>

I hereby certify that on this 25th day of July 2012, I served a true and correct copy of the foregoing Motion to Transfer Case via the CM/ECF system and/or facsimile and/or electronic mail and/or by depositing in the United States mail, postage prepaid and properly addressed to counsel of record:

W. Sean O'Neil
2000 S. Dairy Ashford Street, Suite 340
Houston, Texas 77077
Attorneys for Petitioner, White Rosebay Shipping S.A.


                                     /s/    Derek A. Walker

1902577-1